**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

WALTER COOPER                                                          **PLAINTIFF**

V.                                       **CIVIL ACTION NO.: 1:08-CV-168-SA-JAD**

AIG CLAIM SERVICES, INC., MS TRUCKING
ASSOCIATION INSURANCE AGENCY, INC.
ROYAL TRUCKING COMPANY AND SOUTHWIRE
COMPANY AND JOHN DOES 1-10 and other unknown
defendants                                              **DEFENDANTS**

**MEMORANDUM OPINION**

Presently before the Court is the Plaintiff's Motion to Remand this matter to the Circuit Court of Clay County, Mississippi pursuant to 28 U.S.C. § 1447. AIG Domestic Claims, Inc., the successor in interest to AIG Claim Services, Inc. ("AIG"), responded by filing a memorandum of authorities in opposition to remand. AIG requests that the court dismiss the Plaintiff's claims as to Mississippi Trucking Association Insurance Agency, Inc. ("MTAIA") for the Plaintiff's failure to state a claim upon which relief may be granted and that the court sever the claims as to Royal Trucking Company and Southwire Company on the grounds that the causes of action alleged against them have been fraudulently misjoined to the action against AIG. After due consideration of the parties' briefs and the applicable law, the Court grants the Plaintiff's motion to remand.

**I. Factual and Procedural Background**

The Plaintiff, Walter Cooper, alleges that he was injured on or about March 1, 2006, at a Southwire Company facility while he was employed by Royal Trucking Company. He further alleges that after he sought and received medical treatment in May, 2006, AIG denied coverage for his injuries on August 29, 2006, because MTAIA had failed to procure proper coverage on his behalf.

Plaintiff, a Mississippi resident, brought this action in the Circuit Court of Clay County, Mississippi on May 13, 2008, alleging claims of breach of contract in bad faith, breach of fiduciary duty, and negligence against the Defendants. AIG promptly removed the case on June 26, 2008, alleging 1) that MTAIA, a Mississippi corporation, had been improperly joined; and 2) that the claims of action against Royal Trucking Company - a Mississippi corporation - and Southwire had been fraudulently misjoined. On July 28, 2008, the Plaintiff filed a motion to remand, arguing that this court does not have diversity jurisdiction because complete diversity does not exist among the parties to this action.

## II. Standard for Remand

Once a motion to remand is filed, the burden falls on the party seeking to maintain this court's removal jurisdiction to show that the requirements for removal have been met. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and

2

costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000). However, a matter is not removable if one or more of the properly joined and served defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b).

### III. Discussion

For this court to have subject matter jurisdiction of this matter based on § 1332, complete diversity must exist among the parties. 28 U.S.C. § 1332(a); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008), *citing* Strawbridge v. Curtis, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Additionally, for removal of this matter to be proper, none of the parties in interest can be a citizen of the State where the action was brought. 28 U.S.C. § 1441(b). The Plaintiff is a resident citizen of Mississippi, and Defendants Royal Trucking Company and MTAIA are corporate entities organized and existing under the laws of the State of Mississippi with their principal places of business in Mississippi. However, AIG argues that MTAIA has been improperly joined to this matter because the Complaint fails to state a claim against MTAIA for which relief may be granted, and AIG argues that the Plaintiff's claims against Royal Trucking Company and Southwire Company have been fraudulently misjoined to the claims of the remaining defendants.

Misjoinder of claims as a ground for disallowing remand was first adopted by the United States Court of Appeals for the Eleventh Circuit, and has subsequently been mentioned by the Fifth Circuit and adopted by the Northern District of Mississippi. See Tapscott v. Miss. Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996); In re Benjamin Moore & Co., 309 F.3d 296 (5th Cir. 2002); Mohamed v. Mitchell, 2006 WL 212218, *1 (N.D. Miss. 2006); Jackson v. Truly, 307 F. Supp. 2d 818, 824 (N.D. Miss. 2004). Mere misjoinder of claims, however, does not rise to the level of

3

"fraudulent misjoinder." For this court to accept jurisdiction despite the misjoinder of a non-diverse defendant, the misjoinder must be "egregious" or "grossly improper." Graham v. Am. Int'l Group, 2004 U.S. Dist. LEXIS 27934, *7 (N.D. Miss. 2004); Tapscott, 77 F.3d at 1360; Sweeney v. Sherwin Williams Co., 304 F. Supp. 2d 868, 872 (S.D. Miss. 2004).

In a removed case, questions of "fraudulent misjoinder" are determined by the state's joinder rules. Palmero v. Letourneau Technologies, Inc., 542 F. Supp. 2d 499, 516 (S.D. Miss. 2008) (explaining that "[b]y utilizing the state rule 20, the district court recognizes the contours of its own jurisdiction in relation to the action as it was originally brought."); Mohamed, 2006 WL 212218, at *1 (stating that "[i]n determining whether any such egregious misjoinder has taken place in the case, Rule 20 of the Mississippi Rules of Civil Procedure applies"); Jackson, 307 F. Supp. 2d at 824 (reasoning that "since fraudulent misjoinder claims are clearly analogous to fraudulent joinder claims, and to the extent applying Mississippi Rule 20 instead of Federal Rule 20 will affect the outcome of a fraudulent misjoinder case, the Court will apply the Mississippi rule").

Plaintiff asserted claims against Royal Trucking Company and Southwire Company for, *inter alia*, negligence which caused the Plaintiff's workplace injuries of March 1, 2006. Defendant AIG contends that the Plaintiff misjoined his claims against Defendants Royal Trucking Company and Southwire Company to the claims against the remaining defendants.

As noted above, Rule 20 of the Mississippi Rules of Civil Procedure governs the joinder of the parties in this action. Rule 20 provides that:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.

MISS. R. CIV. P. 20(a). In order for the joinder of the defendants to be proper in this case, the claims

against them must 1) share common questions of law or fact; and 2) arise out of the same transaction, occurrence, or series of transactions or occurrences. Id.; Mercer v. Moody, 918 So.2d 664, 666 (Miss. 2005). The United States Supreme Court has held that the joinder of defendants is encouraged so long as there are enough ultimate factual concurrences that it would be fair to the defendants to require them to defend jointly. United Mine Workers v. Gibbs, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Furthermore, the Mississippi Supreme Court has held that separate claims against a negligent tortfeasor and the injured party's insurer related to the same car accident arise out of the "same transaction, occurrence, or series of transactions or occurrences" under Rule 20, and that such an accident is a distinct, litigable event for Rule 20 purposes. Mercer, 918 So.2d at 666.

In the present case, there are common questions of fact that link all of the Plaintiff's causes of action. Likewise, all of the Plaintiff's causes of action arise out of the same events. The Plaintiff's allegations against Royal Trucking Company and Southwire Company arise from their purported conduct relating to the injury of March 1, 2006, and the Plaintiff's allegations against AIG and MTAIA arise from the ensuing dispute over an insurance claim based on the injury. Although this case involves an injury sustained while chaining down a truck load, rather than a car accident, the Mississippi Supreme Court's reasoning from Mercer, cited above, is applicable, and this Court is obligated to follow the Mississippi Supreme Court's interpretation of its Rules of Civil Procedure. All the claims that the Plaintiff may have against any of the Defendants arise from one distinct event, the accident of March 1, 2006, and all the claims alleged by the Plaintiff share common questions of fact concerning the accident and subsequent injury.

This Court holds that the subject injury constituted a distinct litigable event for Rule 20

purposes and that there are common questions of law and fact that link Plaintiff's allegations to all Defendants. Defendant AIG has not met its burden to prove that Defendant Royal Trucking Company was fraudulently misjoined in order to defeat federal jurisdiction. Thus, Royal Trucking Company is a proper party, and jurisdiction is proper in state court. Accordingly, Plaintiff's Motion to Remand is granted.

As to AIG's request for severance of Royal Trucking Company and Southwire Company, Mississippi Rule of Civil Procedure 21 provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeding with separately.

MISS. R. CIV. P. 21. Rule 21 applies, for example, when the joined parties do not meet the requisites of Rule 20. Cmt., MISS. R. CIV. P. 21. Having established that the joinder of Royal Trucking Company and Southwire Company meets the requisites of Rule 20, this Court denies AIG's request to sever Royal Trucking Company and Southwire Company.

Having found that Royal Trucking Company is a proper party to this action, it is unnecessary for the Court to consider AIG's argument that Defendant MTAIA was improperly joined. Even if MTAIA has been improperly joined, as AIG claims, this case must still be remanded since Royal Trucking Company is a proper party and a resident of Mississippi.

### IV. Conclusion

AIG has failed to meet its burden of showing that this Court has jurisdiction over this matter. The Court further finds that AIG has failed to prove that Defendant Royal Trucking Company was fraudulently misjoined in order to defeat federal jurisdiction. Accordingly, the Court concludes that Plaintiff's Motion to Remand is GRANTED.

6

A separate order in accordance with this opinion shall issue this day.

**SO ORDERED** this the 5th day of February 2009.

                 **/s/ Sharion Aycock**
                 **UNITED STATES DISTRICT JUDGE**